**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL PRYOR**                                                                            **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:25-CV-237-RPC-JMV**

**NATHAN GREGORY**                                                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michael Pryor ("Pryor") filed this action on August 14, 2025, pursuant to 42 U.S.C. § 1983, asserting a single claim of unlawful search and seizure under the Fourth Amendment against Defendant Nathan Gregory ("Gregory"). The alleged constitutional violation arises from Gregory's investigation into a purported contract dispute between Pryor's shipping company, APryor Transport LLC, and J.B. Hunt Transportation Services, Inc. Before the Court is Gregory's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, Gregory's Motion to Dismiss [Doc. 12] is hereby **GRANTED**.

## I.      BACKGROUND

The factual background of this matter is set forth in detail in ***Pryor v. City of Pontotoc***, No. 3:23-CV-00309-MPM-JMV, 2024 WL 1099304 (N.D. Miss. Mar. 13, 2024), and need not be repeated at length here. The Court incorporates those facts by reference and recounts only the facts necessary to resolve the issues presently before it.[1]

In the prior action, Pryor filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983 and a state law claim for tortious interference with contract against multiple defendants, including Gregory, based on facts substantially similar to those alleged here. Following an order to show cause and supplementation of the complaint, the Magistrate Judge issued a Report and

---

[1] *See* Pryor, 2024 WL 1099304, at *1.

Recommendation, recommending "dismissal of defendants and claims but permitting [Pryor] thirty additional days to amend his complaint." *Id*. at *1. Pryor amended, asserting only tortious interference with contract and a new state law claim of abuse of process against the City of Pontotoc, notably without challenging "the vast majority of the Magistrate Judge's findings in the Report and Recommendation, including her finding that his federal claims lacked merit." *Id*. The City moved for judgment on the pleadings, and the Court dismissed the action, declining to exercise supplemental jurisdiction over the remaining state law claims. *Id*. at *5.

Pryor filed the present action on August 14, 2025, against Gregory in his individual capacity, alleging that Gregory violated his Fourth Amendment rights when he obtained his IP address and subscriber information from Letgo.com and AT&T. Because no cognizable expectation of privacy exists in an IP address or subscriber information disclosed to third parties, this Court finds that no constitutional violation occurred.[2] Gregory's motion is accordingly **GRANTED** for the reasons set forth below.

## II.    STANDARD OF REVIEW

Gregory moves to dismiss Pryor's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (internal citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts all well-pleaded

---

[2]  Whether Pryor has standing may also be dispositive of his claim, given the lack of a cognizable expectation of privacy in the information obtained. However, because the claim is being decided on other grounds and standing was not raised, this Court declines to address the issue.

[3]  Gregory also contends that Pryor's claim is time-barred under Mississippi's three-year statute of limitations. *See* Mississippi Code Ann. § 15-1-49. Because dismissal is proper pursuant to Rule 12(b)(6), the Court declines to address the statute of limitations argument.

facts as true and views them in the light most favorable to the plaintiff. ***Shakeri v. ADT Sec. Servs., Inc.***, 816 F.3d 283, 290 (5th Cir. 2016); *see also **Bell Atl. Corp v. Twombly***, 550 U.S. 544, 555, (2007). In making this determination, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters which a court may take judicial notice." ***Doe v. United States***, 853 F.3d 792, 800 (5th Cir. 2017).

### III.   ANALYSIS

Pryor contends that Gregory unlawfully obtained his IP address by concealing "documents and evidence" when applying for the search warrant served on Letgo.com, thereby rendering the warrant void. He further argues that the subscriber information subsequently obtained from AT&T constitutes fruit of the poisonous tree. *See* [Doc. 16, at 9]. However, to plausibly state a Fourth Amendment violation Pryor must show that: (1) a government actor's conduct violated a reasonable expectation of privacy that society is prepared to recognize as reasonable and that (2) the information was obtained as a result of an intrusion on his houses, papers, or effects. *See **United States v. Felton***, 367 F.Supp.3d 569, 570 (W.D. La. 2019). Because Pryor had no personal expectation of privacy in the IP address and subscriber information that Gregory obtained from the third-party providers no "search" occurred, and Pryor's claim is without merit. *See **United States v. Runyan***, 275 F.3d 449, 457 (citing ***Katz v. United States***, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967) ("[A] 'search' occurs only when the government violates a subjective expectation of privacy that society recognizes as objectively reasonable.")).

***Felton*** is instructive. There, law enforcement obtained the defendant's IP address from a USPS server and his subscriber information from Comcast. *Id*. at 571. The defendant argued that law enforcement violated his Fourth Amendment rights by doing so because he had a reasonable expectation of privacy in the communications obtained. The Court disagreed holding that "there

was no reasonable expectation of privacy as to the information provided by the third-party providers to law enforcement." *Id*. at 575. The same analysis applies here.

On August 5, 2019, Gregory was notified of a post on Letgo.com, with photographs of the furniture in dispute between Pryor and J.B. Hunt. *See* [Doc. 16-3]. A user described as "AndreP" was listed as the seller. *Id*. Thereafter, Gregory obtained a search warrant for Letgo.com to obtain:

> Subscriber details (name(s), addresses, email addresses, IP addresses, telephone number(s), date the account was created and terminated — if applicable, banking or financial information used by payments) for Letgo.com user Andre P., along with all user product lists, chat logs, and tracking data for the dates of June 1, 2019, through August 12, 2019.

*Id*. Once Pryor's IP address was provided by Letgo.com, Gregory obtained his associated subscriber information from AT&T. Both Letgo.com and AT&T are third-party providers to whom Pryor voluntarily conveyed this information to in the ordinary course of using their services. By doing so, Pryor assumed the risk that Letgo.com and AT&T might disclose that information to law enforcement. *See **Smith v. Maryland***, 442 U.S. 735, 743 – 44, 99 S. Ct. 2577, 61 L. Ed. 2d 220 (1979) (Under the third-party doctrine, a person has no reasonable expectation of privacy in information voluntarily disclosed to third parties.); ***U.S. v. Weast***, 811 F.3d 743, 747-48 (5th Cir. 2016) (finding that "Weast had already voluntarily shared all of the information at issue . . . He broadcast his IP address far and wide in the course of normal internet use . . .").

Thus, under ***Smith*** and ***Felton***, Pryor retained no reasonable expectation of privacy in either category of information. Gregory's conduct therefore did not constitute a "search" within the meaning of the Fourth Amendment, and Pryor's rights under the Fourth Amendment are not implicated. ***Runyan***, 275 F.3d at 457; *see also **Weast***, 811 F.3d at 747-48 (5th Cir. 2016) (quoting ***United States v. Christie***, 624 F.3d 558, 573 (3rd Cir. 2010) ("federal courts have uniformly held that subscriber information provided to an internet provider, including IP addresses, is not

protected by the Fourth Amendment's privacy expectation because it is voluntarily conveyed to third parties.")) (internal citations omitted); *Felton*, 367 F.Supp.3d at 571 (holding that there was no constitutional violation because the information obtained (Felton's IP address) was in custody and control of a third party.); *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018) (holding that individuals lack a reasonable expectation of privacy in IP address information voluntarily disclosed to third parties in the ordinary course of internet use.).

### A. Gregory Obtained A Search Warrant

Even if Pryor could establish a cognizable privacy interest, his claim still fails because Gregory obtained a search warrant and acted in objectively reasonable good faith throughout. As previously stated, Gregory obtained Pryor's IP address pursuant to a search warrant served on Letgo.com as part of his investigation into the dispute over furniture. *See* [Doc. 16-1 and 16-3].

"[T]he issuance of a warrant by a neutral and detached magistrate is the clearest indication that officers proceeded in an objectively reasonable manner." *United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012) (internal citations omitted). Nevertheless, "the existence of such a warrant does not end the inquiry into objective reasonableness." *Id*. The operative question is "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. Where officers rely on a warrant in objectively reasonable good faith, evidence obtained pursuant to that warrant is admissible. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010).

Pryor's central allegation is that Gregory withheld material evidence, specifically, Pryor's purported rights under Mississippi Code Section 75-7-209, from the magistrate when applying for the warrant. This allegation is insufficient to plausibly allege bad faith or that a reasonably well-trained officer would have known the warrant was improper. *See Triplett*, 684 F.3d at 504.

Critically, the allegation is directly contradicted by the warrant affidavit itself. Gregory's affidavit expressly reflects Pryor's assertion of his alleged statutory rights, stating that Pryor "refused to return the load, claiming he was on time for delivery and had supporting evidence to prove so, to include his electronic log," and that Pryor "claimed that the load was refused by Levin Furniture and claimed he had rights to the furniture under a federal regulation." [Doc. 16-3, at 2 of 5]. Where a plaintiff's own exhibits contradict the allegations of the complaint, the exhibits control. *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940); *see also* *Merisier v. Johnson Cnty., Texas*, No. 3:19-CV-2911-X-BN, 2021 WL 681443, *11 (N.D. Tex. Jan. 14, 2021) ("when an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit not the allegation controls."). Because the affidavit discloses the very information Pryor claims was concealed, his bad-faith theory fails as a matter of law.

Gregory is therefore entitled to the protection of the good-faith exception. *Allen*, 625 F.3d at 835. The Court need not determine whether the magistrate had a substantial basis for probable cause, though the record plainly supports that conclusion as well.

## IV. CONCLUSION

Pryor's Fourth Amendment claim fails on two fully independent grounds. First, Gregory's conduct did not constitute a Fourth Amendment "search" because Pryor retained no reasonable expectation of privacy in information voluntarily disclosed to third parties. *Runyan*, 275 F.3d at 457; *Contreras*, 905 F.3d at 857–58. Second, even if a cognizable search had occurred, the search warrant was validly obtained, the good-faith exception applies, and the fruit-of-the-poisonous-tree doctrine is not applicable to Section 1983 claims.[4] For these reasons, the Motion to Dismiss [Doc. 12] is hereby **GRANTED**, and all claims are **DISMISSED**.

---

[4] Pryor also alleges that the subscriber information Gregory subsequently obtained from AT&T by subpoena constitutes fruit of the poisonous tree. However, "[t]his evidentiary criminal procedure doctrine is

**SO ORDERED**, this the 30th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE

---

inapplicable in a 42 U.S.C. 1983 civil damages suit." *See* ***Wood v. Bexar Cnty., Texas***, 147 F.4th 534, 545 (5th Cir. 2025) (citing ***De La Paz v. Coy***, 786 F.3d 367, 371 n.3 (5th Cir. 2015); ***Townes v. City of New York***, 176 F.3d 138, 145–46 (2d Cir. 1999); ***Black v. Wigington***, 811 F.3d 1259, 1267–68 (11th Cir. 2016); ***Codrington v. Dolak***, 142 F.4th 884, 895 (6th Cir. 2025)).